Roosevelt Lonzo KNOXSON,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections,
Respondent-Appellee.

No. 77-2411.

United States Court of Appeals,
Fifth Circuit.

June 15, 1978.

---

1. In answering either question, the court will, of course, consider the applicable rules with respect to causation.

Roosevelt Lonzo Knoxson, pro se.

Carolyn Truesdell, Houston, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Austin, Tex., Douglas M. Becker, David M. Kendall, Joe B. Dibrell, Jr., Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, AINSWORTH and VANCE, Circuit Judges.

ORDER:

We have before us the appellee's motion to revoke appellant Knoxson's leave to file his post-submission brief, to strike the brief, and to rebrief and reargue the question whether Knoxson has exhausted his state remedies. Knoxson filed a post-submission brief after oral argument was held in the case. During the arguments, the Court raised several questions critical to understanding and disposing of the habeas petition. The brief addresses the history of Knoxson's attempts to obtain access to a copy of his trial transcript, and includes copies of letters to and from Knoxson, the trial judge, and his attorney. None of the correspondence is part of the record of the case. The State registers violent objections to our consideration of these letters, which have emerged for the first time on this appeal, and urges that if the documents can be authenticated and the facts they reveal legally established, the Texas Court must be given the first opportunity to determine their impact on the case.

The post-submission brief does contain new factual allegations in support of Knoxson's legal plea. With regard to these new facts, we believe that the petitioner has failed to exhaust his state remedies. His petition must be dismissed from the federal court without prejudice to give the state court an opportunity to review these newly surfaced facts in the further proceedings that we expect Knoxson to pursue. See *Picard v. Connor*, 1971, 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438; *United States ex rel. Boodie v. Herold*, 2 Cir., 1965, 349 F.2d 372; *Gurule v. Turner*, 10 Cir., 1972, 461 F.2d 1083; Developments in the Law—Habeas Corpus, 83 Harv.L.Rev. 1038, 1069 (1970) (". . . evidence . . . clearly crucial to the claim . . . should first be presented to the state if the exhaustion rule is to be an effective one").

This Court believes that the interests of the state of Texas, the federal courts, and the petitioner are best balanced by allowing the state courts to consider this evidence. We therefore vacate the District Court's denial of habeas relief and remand to the District Court with directions to dismiss the suit without prejudice to Knoxson's right to refile the petition if he is dissatisfied with the outcome of any proceedings he brings in the state court.

The state's motions to revoke appellant's leave to file a post-submission brief, to strike said brief, and to rebrief and reargue the question of exhaustion, are DENIED.