Max Wayne HART, Petitioner–Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent–Appellant.

No. 80–1079.

United States Court of Appeals, Fifth Circuit.

Unit A

Jan. 22, 1981.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondent–appellant.

Ament & Dixon, LeRue Dixon, III and John S. Ament, Jacksonville, Tex., for petitioner–appellee.

Before BROWN, THORNBERRY and WILLIAMS, Circuit Judges.

PER CURIAM:

The State of Texas appeals District Court's grant of § 2255 relief to petitioner, Max Wayne Hart. The State alleges (i) Hart failed to exhaust his State post–conviction relief remedies and (ii) District Court's finding Hart was incompetent at the time he entered his guilty plea was clearly erroneous.

Hart was originally tried for two felony offenses of theft by check in state district court on June 3, 1976. The state trial court accepted Hart's pleas of guilty, sentenced him to six years imprisonment, but probated the sentence. Probation was revoked, however, on August 27, 1976, on the State's finding Hart had intentionally caused bodily injury to another.[1] Accordingly, Hart was ordered to serve the six years he was originally assessed. Although he appealed, the Texas Court of Criminal Appeals affirmed revocation of Hart's probation on May 3, 1977.

Hart subsequently filed an application for writ of habeas corpus in state district court alleging, among other errors, he was incompetent when he pleaded guilty to the two counts of theft by check.[2] The original order set the state hearing for Hart's petition on June 20, 1977. Subsequently, Hart's attorney and the District Attorney agreed orally the State would not oppose a continuance of the case. Not able to obtain an order from the court as the Judge was on vacation, Hart's counsel did not subpoena any medical witnesses, appeared in court June 20, 1977, announced he was not ready, and orally requested a continuance. State trial court denied the request and proceeded to hear Hart's incompetency claims without benefit of medical testimony. Findings of Fact and Conclusions of Law were entered denying his application on June 20, 1977. The Texas Court of Criminal Appeals affirmed denial of Hart's petition on September 14, 1977.

On September 23, 1977, Hart filed his application for § 2255 relief in United States District Court. After a confusing set of procedural developments, including extensive hearing and reconsideration be-

1. Hart was arrested for violation of his parole on or about July 29th or 30th, 1976, for pulling with a pair of pliers on the toenail of a victim held at gunpoint.

2. Both parties agree Hart, although a wealthy man, is a moral profligate, having a long record of acute alcoholism and drug abuse. Hart routinely drank large amounts of alcohol, as much as one to two quarts a day, and consumed excessive quantities of various drugs, including percodan, valium, and amphetamines. These abuses resulted in Hart's commitment to Rusk State Hospital for ten days in November 1973, and to a second hospital during January 1974.

fore the magistrate, irrelevant to this appeal, the Court ultimately granted Hart's application, concluding that he was incompetent to enter his pleas of guilty to the two offenses of theft by check.[3]

The State argues state district court, which originally heard Hart's request for habeas corpus relief, did not have a "fair opportunity" to consider the matter, and thus state remedies were not exhausted. Specifically, the State asserts presentation of a "weak case" containing no medical testimony to the state court and a "strong case" to the federal court which contained extensive medical testimony which persuaded the Court is inconsistent with notions of exhaustion of state remedies. Consequently, the State requests in effect this matter be remanded to state court for full consideration of the application. In response, Hart submits state court had a fair opportunity to hear his case but, by refusing a continuance, the state denied itself this opportunity.

 As the statute requires, and Courts uphold, the federal court shall not grant a writ of habeas corpus unless the applicant has exhausted his state remedies. 28 U.S.C. § 2254. *See also Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978) (en banc). Nor may state remedies be considered exhausted even though the prior state proceeding technically asserted the same constitutional deficiency and the same facts are urged in a federal court but in support of a different legal theory, *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438, 444 (1971), or where entirely new factual claims are made in support of the writ before the federal court. *Knoxson v. Estelle*, 574 F.2d 1339, 1340 (5th Cir. 1978). Inasmuch as neither medical testimony nor records were introduced detailing Hart's mental history were presented at his state habeas hearing, this Court reiterates its belief that "the interest of the state of Texas, the federal courts, and the petitioner are best balanced by allowing the state courts to consider this evidence." *Id. See also DeLeon v. Estelle*, 616 F.2d 565 (5th Cir. 1980).

District Court therefore is directed to dismiss Hart's federal petition without prejudice to his right to file a subsequent federal habeas petition after completion of all state proceedings. Due to our determination state remedies have not been exhausted, we do not reach or rule on the State's claims District Court erred in concluding Hart was incompetent at the time he entered his guilty plea.

REMANDED WITH DIRECTIONS TO DISMISS WITHOUT PREJUDICE.

---

**3.** Hart alleged on the night before he was to enter his guilty plea he drank heavily, ingesting a mixture of percodan and valium. Sleeping perhaps an hour, Hart went to the hospital in the early morning and was examined by his doctor who gave him some prescriptions. After filling them, Hart took five to eight pills of five milligram valium and an antibiotic with vodka prior to proceeding to the courthouse.