No. 81–310. BERGMAN, WARDEN *v.* BURTON. C. A. 6th Cir. Motion of respondent for leave to proceed *in forma pauperis* and certiorari granted. Judgment vacated and case remanded for further consideration in light of *Rose* v. *Lundy*, 455 U. S. 509 (1982).

JUSTICE STEVENS, with whom JUSTICE MARSHALL and JUSTICE BLACKMUN join, dissenting.

In *Rose* v. *Lundy*, 455 U. S. 509, the Court wrote:

> "There is no basis to believe that today's holdings will 'complicate and delay' the resolution of habeas petitions (STEVENS, J., *post*, at 550), or will serve to 'trap the unwary *pro se* prisoner.' (BLACKMUN, J., *post*, at 530.)" *Id.*, at 520.

Today, however, the Court interprets *Rose* as requiring further proceedings that can serve no purpose other than to "complicate and delay" the ultimate termination of this litigation.

In 1975 the respondent was convicted in a Michigan state court of assault with intent to commit murder and was sentenced to life imprisonment. His conviction was affirmed by the Michigan Court of Appeals in 1977 and the Michigan Supreme Court denied leave to appeal.

In 1980 the respondent sought a writ of habeas corpus in the United States District Court for the Eastern District of Michigan on two grounds: (1) that the trial court's instructions to the jury deprived him of due process of law; and (2) that he was denied the effective assistance of counsel. The District Court found no merit to the first claim and refused to consider the second because the respondent had not exhausted his state remedies as required by 28 U. S. C. § 2254(b).

The Court of Appeals reversed, holding that the instructions were improper under *Sandstrom* v. *Montana*, 442 U. S.

510, and that even though trial counsel had not objected to the erroneous instruction, *Wainwright* v. *Sykes*, 433 U. S. 72, did not foreclose relief because the Michigan Court of Appeals had reviewed the asserted errors in the trial court's jury charge and rejected the respondent's claims on the merits. The Sixth Circuit did not address the respondent's unexhausted claim of ineffective assistance of counsel.

The Warden's petition for certiorari in this Court raises the *Wainwright* v. *Sykes* issue and three questions concerning *Sandstrom* v. *Montana*.[1] The petition makes no reference to the unexhausted claim. Ignoring the four questions presented by the Warden, the Court grants his petition, vacates the judgment of the Court of Appeals, and remands for reconsideration in the light of *Rose* v. *Lundy*.

Under *Rose* v. *Lundy*—if I read the Court's opinion correctly—after the case gets back to the District Court, that court must dismiss the habeas corpus petition that is now a part of the record.[2] Thereafter, the respondent immediately will be entitled to resubmit a petition eliminating the unexhausted claim and confining his claim to relief to the issue

---

[1] The questions presented for review read as follows:

"I. Where no timely objection was made to the state court's jury instructions as required by state law, the state appellate courts arguably relied on the failure to object in affirming the conviction and neither cause for the failure to object nor actual prejudice has been shown, is this state prison inmate barred from challenging the state court's jury instructions in federal habeas corpus proceedings under the doctrine of *Wainwright* v *Sykes*, 4[3]3 US 72 (1977)?

"II. Should *Sandstrom* v *Montana*, 442 US 510 (1979) be applied retroactively to a 1975 state court conviction?

"III. If *Sandstrom* is to be applied retroactively, do the state court's jury instructions in this case violate the *Sandstrom* doctrine?

"IV. If the state court's jury instructions in this case violate *Sandstrom*, is the violation nevertheless harmless beyond a reasonable doubt under the doctrine of *Chapman* v *California*, 386 US 18 (1967)?" Pet. for Cert. i.

[2] "[W]e hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose* v. *Lundy*, 455 U. S., at 522.

that has already been resolved in his favor by the Court of Appeals.[3] It seems reasonable to assume that the District Court will grant the relief mandated by the Court of Appeals, that the District Court order will then be promptly appealed by the Warden, and that the Court of Appeals thereafter will decide both the *Wainwright* v. *Sykes* issue and the three *Sandstrom* questions precisely as it decided them in the opinion that this Court today is vacating. It seems equally likely that the Warden will remain dissatisfied with that ruling and then once again file a petition for certiorari, at which time the Court can then determine whether to review the questions that are now presented.

The predictable consequences of the order the Court enters today illustrate the fact that the rule of *Rose* v. *Lundy* merely complicates and delays the termination of habeas corpus litigation.[4] It disserves the interest of busy federal judges as well as the interest of deserving litigants.

I respectfully dissent.

---

[3] "Those prisoners who misunderstand this requirement and submit mixed petitions nevertheless are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims." *Id.,* at 520.

[4] Nothing in the Court's opinion in *Rose* v. *Lundy,* or in anything the Court has written since, justifies the Court's reaching out on its own initiative to apply its new rule to previously decided cases.