Rodney K. BURNS, Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 82–1071.

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1983.

Seay, Gwinn, Crawford, Mebus & Blakeney, Steven R. McCown, Dallas, Tex., for petitioner-appellant.

Joe Foy, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GARZA, TATE and WILLIAMS, Circuit Judges.

GARZA, Circuit Judge:

Petitioner Rodney K. Burns brings this Section 2254 action seeking habeas relief following his conviction in the State of Texas by a jury on two counts of aggravated robbery and his sentence to two concurrent 99-year prison sentences in 1974. The record reveals that petitioner, together with co-defendants, Richard Hamilton and Charles Gibson, allegedly entered and robbed at gun point a bank in Milford, Texas. Eyewitnesses identified petitioner and his cohorts as the perpetrators of the crime. After robbing the bank, the three men left in two cars, one of which was driven by another co-defendant, George Cobbs. A high speed chase followed in which police observed money being thrown from one car; a pistol and money from the bank were found in the car in which Cobbs and petitioner were eventually captured.

After his conviction in state court, Burns appealed to the Texas Court of Criminal Appeals claiming that his trial counsel was ineffective due to a conflict of interest, that improper prosecutorial argument had prejudiced his trial, that his trial should have been severed, and that fundamental erroneous jury instructions had been given at trial. The Texas court affirmed his conviction on direct appeal. *Burns v. State,* 573 S.W.2d 32 (Tex.Cr.App.1978). During the four years that his state court appeal was pending, Burns filed a habeas corpus petition in federal district court which was dismissed without prejudice because Burns had not exhausted his state remedies. This Court affirmed. *Burns v. Estelle,* 585 F.2d 518 (5th Cir.1978) (mem.), *cert. denied,* 440 U.S. 984, 99 S.Ct. 1797, 60 L.Ed.2d 246 (1979). Burns then sought habeas corpus relief under Texas law, raising basically five claims: (1) that the term of the trial court had expired when sentence was pronounced; (2) that the jury charge was fundamentally defective; (3) that the court was without jurisdiction due to untimely notice of appeal; (4) that he was denied access to appeal; and (5) that his appellate counsel was ineffective. The Texas Court of Criminal Appeals, however, denied relief based on the findings and conclusions of the trial court.

Burns filed the present federal habeas petition in November, 1979, claiming (1) that he was denied effective assistance of counsel because his attorney failed to call an alibi witness to the stand due to possible conflicts between that defense and the defense of Burns' co-defendants, (2) that he was deprived of due process because the trial court sentenced him after expiration of its term, and (3) that the state trial court failed to inquire into the alleged conflicts of interest at the time it denied Burns' motion to sever, violating Burns' sixth amendment rights.

With respect to petitioner's first claim, an evidentiary hearing was held below before a U.S. magistrate in which petitioner presented two witnesses, his brother and co-defendant Hamilton, who testified that petitioner was with a person named Ernest Raleigh on the day of the robbery, that Raleigh was now deceased, and that petitioner had informed counsel about the witness Raleigh. The magistrate found that the testimony regarding the existence of an alibi witness was totally unbelievable, that counsel had never been informed about the existence of Raleigh, "and that Ernest Raleigh did not in fact exist." Accordingly, the magistrate found that "the evidence establishes conclusively that there was no actual conflict of interest between petitioner and his co-defendants, and he is thus not

entitled to relief on his first ground." The court found that Burns' claim that the sentencing court was without jurisdiction did not present a federal claim. The district court accepted the magistrate's findings and denied Burns his requested relief. Burns now appeals.

### Exhaustion of State Remedies

The State argues on appeal that Burns has not exhausted his state remedies regarding his claim of ineffective assistance of counsel because the factual details forming the basis of his present claim (that is, the alibi witness story) were not presented to the state court when he raised the issue there. Both the magistrate and district court found that Burns had exhausted his state remedies regarding this claim. On appeal the State again asserts that although it is true that Burns alleged a "conflict of interest" resulting in ineffective counsel as an issue on state appeal, the allegation was unsupported by any of the facts now introduced, and therefore, was not fully developed or fairly presented for consideration by any state court. Accordingly, the State urges this court to dismiss the petition for non-exhaustion of state remedies.

To demonstrate compliance with the exhaustion requirement, a habeas applicant must show that the federal claim he asserts in federal court has been "fairly presented" to the state courts. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In *Picard,* the Supreme Court stated that "it is not sufficient merely that the federal habeas applicant has been through the state courts.... Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." *Id.* at 275–76, 92 S.Ct. 512, 30 L.Ed.2d at 443–44. The rationale for this requirement is that a federal court should not upset a state court conviction without the state courts first having an opportunity to pass on the matter and to correct the constitutional violation. *Id.* (citing *Fay v. Noia,* 372 U.S. 391, 419–20, 83 S.Ct. 822, 838, 9 L.Ed.2d 837 (1963)). *Accord, Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In *Galtieri v. Wainwright,* 582 F.2d 348 (5th Cir. 1978) (en banc), this Court held that "[f]or a claim to be exhausted, the state court system must have been apprised of the facts and the legal theory upon which the petitioner bases his assertion." *Id.* at 353.

The record reveals that the basis of Burns' ineffective assistance claim in the state court system was quite different from the claim he now presents. When Burns raised this issue in his motion for severance at the state level, he contended that he would be defending himself "in a manner which would conflict with the defense and interests" of one of his co-defendants. Burns reasserted his conflict of interest claim as denying his effective assistance of counsel in his direct appeal to the Texas Court of Criminal Appeals. His brief stated: "Appellant does not desire to lengthen this writing by pointing out specific instances where appellant's trial counsel could have emphasized things that would be beneficial to appellant and detrimental to other co-defendants." Instead, he referred to the reasons in his motion for severance and to the fact that his counsel was representing three other co-defendants as showing an "obvious conflict of interest." In its opinion, the Texas Court of Criminal Appeals acknowledged that it had "examined and read the record," and that it had found none of the " 'specific instances' to which appellant makes reference." The court found that there was no showing of a conflict of interest. Burns did not raise the conflict of interest issue in his pro se state habeas petition.

The "substance" of Burns' claim is quite different in his federal petition. For the first time, he now sets forth the scenario involving the alibi witness. Although petitioner concedes that he did not present these allegations in the state proceeding, he

argues that he was never given the opportunity to do so. The state record, however, is simply barren of any hint or reference to a purported alibi defense or the existence of any alibi witness. The vague nature of the allegations in his appeal to the Texas Court of Criminal Appeals belies the contention that he had no opportunity to apprise the court of the contentions underlying his claim. In *Hart v. Estelle*, 634 F.2d 987 (5th Cir.1981), this court held that state remedies may not be considered exhausted "where entirely new factual claims are made in support of the writ before the federal court." *Id.* at 989. We believe that the factual bases underlying petitioner's federal claim are significantly different from those underlying his state claim, and therefore, require a finding that Burns has not exhausted his state remedies.

### The Exhausted Claims

■ There remains the question of whether this court should address the merits of petitioner's exhausted claims which the district court erroneously chose to rule upon in considering Burns' "mixed petition." Our analysis requires us to examine what effect the Supreme Court's decision in *Rose v. Lundy, supra,* has on our decision in *Galtieri v. Wainwright, supra.*

In *Galtieri,* this circuit adopted what was then a minority view among the circuits that a federal habeas petitioner was required to exhaust all of his federal claims in state proceedings prior to presenting them to a federal court. We held that a federal district court should dismiss without prejudice a habeas petition filed by a state prisoner containing both exhausted claims and unexhausted claims which did not fit within any exception to the exhaustion doctrine. In so holding, however, we acknowledged that "in the rare event" that a district court considered the merits of an exhausted claim in a mixed petition, the appellate court would review the merits of the claim if presented with the issue. We believe that the policies underlying the exhaustion doctrine would not be furthered by dismissal of a petition whose exhausted claims had already been ruled upon, albeit erroneously. The vitality of the "*Galtieri* exception" however, has been called into question by the Supreme Court's decision in *Rose v. Lundy.* Previously, we have acknowledged this issue without specifically addressing its merits; *see Caldwell v. Line,* 679 F.2d 494, 497 n. 2 (5th Cir.1982); *Barksdale v. Blackburn,* 670 F.2d 22, 24 n. 1 (5th Cir.), *cert. denied, —— U.S. ——,* 102 S.Ct. 2912, 73 L.Ed.2d 1319 (1982).

In *Rose v. Lundy,* the Supreme Court acknowledged and adopted the "total exhaustion" rule set forth in *Galtieri* requiring a district court to dismiss habeas petitions containing mixed claims. In *Rose v. Lundy,* the petitioner had filed a habeas petition asserting a mixture of exhausted and unexhausted claims. The district court refused to consider the unexhausted claims but did reach the merits of the exhausted claims. The Supreme Court determined that the federal policy "to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings," *id.* 455 U.S. at 518, 102 S.Ct. at 1203, required that the entire habeas petition—including exhausted claims—be dismissed, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at 510, 102 S.Ct. at 1199. Such a result, the Court concluded, would satisfy concerns of comity, reduce piecemeal litigation and establish a more complete factual record to aid federal courts in their review. Additionally, the Court found that the total exhaustion rule would "relieve the district court of the difficult if not impossible task of deciding when claims are related," and would "reduce the temptation to consider unexhausted claims."

There can be little doubt that *Rose v. Lundy* did not significantly narrow, if not altogether eliminate, the "rare" exception which this circuit afforded appellate review proceedings in *Galtieri.* Although the Court approved of the Fifth Circuit's "total exhaustion" rule, its decision did not reflect similar approval of the *Galtieri* exception.

Justice O'Connor, in her opinion concurred in by a majority of the Court,[1] called for the implementation of a "rigorously enforced total exhaustion rule." Moreover, the policy considerations which this court discussed in *Galtieri* as controlling our decision to review exhausted claims in erroneously considered mixed petitions did not affect the Supreme Court's disposition of *Rose v. Lundy.* For example, in *Galtieri* we noted that dismissal of a habeas petition in which the writ had been granted by the federal district court would disrupt a state court's consideration of claims "knowing that a federal district court has already found constitutional error in the prisoner's conviction." We noted the potential for direct conflict between the two systems. The Supreme Court in *Rose v. Lundy,* however, found the prospect of piecemeal litigation overriding and in fact vacated the grant of the great writ because of the presence of unexhausted claims.

The opinion of the Court in *Rose v. Lundy* is definite and precise. It creates a rule which the Court characterized as "simple" and "straightforward." The mandatory language of the decision leaves no room for an exception as broad as that set forth in *Galtieri.* Indeed, Justice Blackmun in his opinion concurring in the judgment, noted that "[e]ven the Fifth and Ninth Circuits, which require dismissal of habeas petitions in the typical case, do not follow the extreme position this Court takes today." *Rose v. Lundy,* 455 U.S. at 529 n. 7, 102 S.Ct. at 1209 n. 7. Justices Brennan and Marshall, both of whom concurred in the relevant portion of Justice O'Connor's opinion, also recognized the absolute rule of *Rose v. Lundy* in Justice Brennan's dissenting opinion in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Referring to the Court's decision in *Rose v. Lundy* Justice Brennan stated, "Barely a month ago this Court emphatically reaffirmed the exhaustion doctrine, *and indeed*

*extended it,* announcing a requirement of 'total exhaustion' for habeas petitions." *Id.* 456 U.S. at 141, 102 S.Ct. at 1578 (emphasis added). These comments convince us that the rule in *Rose v. Lundy* is virtually absolute: when faced with a habeas petition containing mixed claims, it is the duty of the federal court to dismiss the petition to permit the party "to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims." 455 U.S. at 520, 102 S.Ct. at 1204.

Certainly, the Supreme Court has taken this position in its subsequent disposition of cases before it on appeal. For example, in *Bergman v. Burton,* 456 U.S. 953, 102 S.Ct. 2026, 72 L.Ed.2d 478 (1982), the Court vacated the decision of the United States Court of Appeals for the Sixth Circuit which had reversed the district court's refusal to grant a writ of habeas corpus. In *Burton,* the petitioner had sought habeas relief on two grounds: (1) improper jury instructions and (2) ineffective assistance of counsel. The district court found no merit to the first claim and found the second claim unexhausted. The circuit court reversed on the merits of the first claim. The Supreme Court thereafter granted the State's petition for a writ of certiorari, vacated the judgment of the court of appeals and remanded for consideration in light of *Rose v. Lundy.* It is to be noted that the issue presented by the mixed petition was raised *sua sponte* by the Court. Although three justices dissented from the Court's disposition raising questions of "complications and delays" caused by the strict rule set forth in *Rose v. Lundy, id.* 456 U.S. at 953–55, 102 S.Ct. at 2027–28, the majority was unpersuaded.

Similarly, those circuit courts which have considered the rule in *Rose v. Lundy* have also found that dismissal is mandated where a petition presents any unexhausted claims. *See, e.g., Pappageorge v. Sumner,* 688 F.2d 1294 (9th Cir.1982); *Harding v. North Caro-*

---

**1.** Justice O'Connor's opinion, except as to Part III–C, represented the opinion of the Court. Chief Justice Burger and Justices Powell and Rehnquist concurred fully in Justice O'Connor's opinion. Justice Brennan, joined by Justice Marshall, concurred in all but one portion of the opinion, Part III–C, discussed *infra* at note 3. That portion was not relevant to the Court's adoption of the "total exhaustion" rule. Justice Blackmun concurred in the judgment.

*lina,* 683 F.2d 850 (4th Cir.1982); *Slotnick v. O'Lone,* 683 F.2d 60 (3d Cir.1982); *Jones v. Hess,* 681 F.2d 688 (10th Cir.1982); *United States ex rel. Clauser v. Shadid,* 677 F.2d 591 (7th Cir.1982); *Accord, Williams v. Holbrook,* 691 F.2d 3 (1st Cir.1982) (" 'Mixed Petitions' must be dismissed in their entirety"); *Stewart v. Parratt,* 682 F.2d 757 (8th Cir.1982); *Sales v. Harris,* 675 F.2d 532, 540 n. 6 (2d Cir.1982). Indeed, a number of appellate courts have dismissed entire habeas petitions under the authority of *Rose v. Lundy* even though certain exhausted claims had been ruled upon and denied by the district court. *See Harding v. North Carolina, supra* (although district court had denied both exhausted and unexhausted claims, the State's "conditional waiver" of exhaustion requirement did not preclude dismissal under *Rose v. Lundy* even if unexhausted claims were frivolous); *Slotnick v. O'Lone, supra* (although district court denied all claims, *Rose v. Lundy* required dismissal of petition for non-exhaustion); *Jones v. Hess, supra,* (petition containing eight exhausted and two unexhausted claims, all of which were found meritless by district court, was dismissed for non-ex-

haustion); *United States ex rel. Clauser v. Shadid, supra,* (both exhausted and unexhausted claims found meritless by district court; appellate court dismissed under *Rose v. Lundy*); *Accord, Santana v. Fenton,* 685 F.2d 71 (3d Cir.1982) (district court granted habeas claim for prosecutorial misconduct, denied on ground of failure-to-testify; appellate court dismissed considering neither claim). These cases suggest that a similar dismissal is mandated in the present case.

In *Caldwell v. Line, supra,* this court found it "unnecessary to determine whether *Rose* affects our position that when a claim included an unexhausted claim, in the interest of judicial economy we should review the claim if it is manifestly frivolous." 679 F.2d at 497 n. 2. Citing to *Henson v. Estelle,* 641 F.2d 250, 252 n. 1 (5th Cir.), *cert. denied,* 454 U.S. 1056, 102 S.Ct. 603, 70 L.Ed.2d 593 (1981), we recognized that the *Galtieri* exception, if narrowed to claims which were "manifestly frivolous," might indeed survive *Rose v. Lundy.* The strict interpretation of *Rose v. Lundy* to date does not support such a conclusion, however.[2] Indeed, virtually any exception to

---

**2.** In only a few cases have courts disposed of a case in a manner which even arguably limits the rule in *Rose v. Lundy. See, e.g., Phegley v. Greer,* 691 F.2d 306 (7th Cir.1982) (suggests that *Rose* is applicable only to *district* courts); *Steele v. Taylor,* 684 F.2d 1193 (6th Cir.1982) (court would not consider *Rose v. Lundy* issue where never raised by the State; grant of writ vacated notwithstanding unexhausted claims); *Dunn v. Wyrick,* 679 F.2d 731 (8th Cir.1982) (*Rose v. Lundy* not retroactive). These "exceptions" to the rule of *Rose v. Lundy* do not appear valid in light of further analysis, nor do they suggest any relaxation of the otherwise "straightforward" rule.

In *Phegley v. Greer, supra,* the Seventh Circuit suggested that *Rose v. Lundy* applied only to "*district courts.*" 691 F.2d at 310 n. 3 (emphasis in original). Although the ruling was not relevant to the outcome, this suggestion does not appear valid in light of the Supreme Court's application of the rule to appellate courts by its disposition in *Rose v. Lundy, supra,* and *Bergman v. Burton,* 456 U.S. 953, 102 S.Ct. 2026, 72 L.Ed.2d 478 (1982). Furthermore, in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), this suggestion was further refuted. In discussing the fact that an *appellate* judge considering a case might construe a habeas petition to contain an

unexhausted claim, the Court stated that *Rose v. Lundy* would mandate dismissal of the entire claim. 456 U.S. 123 n. 25, 102 S.Ct. at 1569 n. 25.

In *Dunn v. Wyrick, supra,* the Eighth Circuit found the total exhaustion rule inapplicable where the exhausted claims were fully litigated and decided in the district court prior to the *Rose* decision. The Supreme Court, however, in *Bergman v. Burton, supra,* chose to apply *Rose v. Lundy* retroactively. Cf. *Bergman v. Burton,* 456 U.S. 955 n. 4, 102 S.Ct. at 2028 n. 4 (Stevens, J. dissenting). Thus, it appears that the Eighth Circuit's "exception" to *Rose v. Lundy* is similarly without merit.

In *Felder v. Estelle,* 693 F.2d 549 (5th Cir. 1982), this court recently held that when a district court is presented with a mixed petition, the court may consider the merits of the claims if the State explicitly waives the exhaustion requirement with respect to the unexhausted claims. Of course, in this action the State does not wish to waive the exhaustion requirement. In *Felder,* the issue before the court was whether the State had the power to explicitly waive the exhaustion requirement; the court's analysis focused upon whether the principle of comity demanded respect to state courts as opposed to attorneys general of the states. As the court noted, neither *Rose v.*

the "total exhaustion" rule arguably would present a loophole undermining the Supreme Court's rationale. Even if we considered the merits of a frivolous claim and otherwise dismissed the petition, a petitioner could appeal our ruling on the merits while reasserting his unexhausted claims in state court. This is precisely the piecemeal litigation which *Rose v. Lundy* unequivocally forbids. Finally, the only court to have even remotely addressed this question was unpersuaded by the frivolity of the claims involved. *See Harding v. North Carolina, supra.*

In *Rose v. Lundy,* the Supreme Court shut the door on the federal habeas petitioner presenting mixed claims. Our decision today does not forever lock that door. Since, in this circuit, exhaustion of remedies is not a jurisdictional prerequisite, *see Felder v. Estelle,* 693 F.2d 549, 550 (5th Cir. 1982), policy considerations will always effect a court's willingness to rule upon exhausted claims on appeal. *See generally, Felder v. Estelle, supra; Houston v. Estelle,* 569 F.2d 372, 375 (5th Cir.1978) ("[i]n deciding whether the merits ... are properly before us, we must be mindful that the question is not one of federal power, but of equitable discretion"). Furthermore, the Supreme Court which looked favorably upon *Galtieri*'s "total exhaustion" rule has never expressly determined the validity of *Galtieri*'s appellate exception. There may still remain a small crack in the door. The amount of light, if any, which this court or

the Supreme Court will permit to shine through is to be determined on another day at another time.

While we find no merit to petitioner's exhausted claims, we do not believe that these claims fall within the "rare" case as set forth in *Galtieri* and narrowed, if not altogether eliminated, by *Rose v. Lundy* which would permit this court to consider them. We remand this case to the district court with instructions to dismiss the petition for failure to exhaust state remedies. The petitioner will have the opportunity to resubmit a petition containing only exhausted claims or to return the state court to exhaust his remaining claim.[3] Regardless of which action petitioner takes, future federal courts considering petitioner's exhausted claims will have the benefit of the views already set forth by the magistrate, the district court and this court in this action.

VACATED and REMANDED.

---

*Lundy* nor *Galtieri* mandated a different conclusion since neither case addressed *or even contemplated* the issue of waiver by the State. The explicit waiver by a state of exhaustion arguably removes from a mixed petition the defect which *Rose v. Lundy* forbids. The position taken by this circuit in *Felder* is consistent in principle at least with that taken by the Sixth Circuit in another post-*Rose v. Lundy* case. In *Steele v. Taylor, supra,* the court declined to consider *Rose v. Lundy* where such was not raised; the State implicitly waived the exhaustion requirement. Although separate but related issues and analyses are presented by *Felder* and *Rose v. Lundy,* we note that the rule set forth in *Felder* fits within the "crack in the door" (see discussion in text, *infra*) which *Galtieri* presents. *Cf. Felder v. Estelle, supra,* at 552 n. 3.

3. We express no opinion as to the effect upon petitioner's unexhausted claim of a decision to delete such claim and reassert his exhausted claims in the federal district court. Justice O'Connor's plurality opinion in *Rose v. Lundy,* Part III–C, held that a petitioner "would risk forfeiting consideration of his unexhausted claims in federal court" if he decided to pursue his exhausted claims rather than immediately proceed to state court. Justices Brennan and Marshall expressly dissented from this position. Justice Blackmun in his special concurrence and Justice White in his dissent also disagreed with this portion of the plurality opinion. Justice Stevens did not reach the issue.