**Perry James BROWN,**
**Petitioner-Appellant,**

v.

**W.J. ESTELLE, Jr., Director, Texas**
**Department of Corrections,**
**Respondent-Appellee.**

**No. 82–1194**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 28, 1983.

Sylvia Mandel, Staff Counsel for Inmates, T.D.C., Huntsville, Tex., for petitioner-appellant.

Brenda K. Smith, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:

Perry James Brown has appealed from the district court's dismissal of his petition for habeas corpus relief without prejudice to his right, after exhaustion of his state remedies, to refile his petition in the district court. We affirm.

In 1974, Brown was convicted upon trial by jury of the felony offense of robbery with firearms in Criminal District Court No. 4 of Tarrant County, Texas. His punishment was fixed by the jury at sixty years imprisonment. On direct appeal, the judgment was affirmed by the Texas Court of Criminal Appeals in an unpublished *per curiam* opinion.

Brown subsequently filed an application for writ of habeas corpus in state district court alleging that he was denied his Sixth and Fourteen Amendment right to the effective assistance of counsel, "when his court appointed counsel knew, or with minimal diligence, should have known, of facts which would have led a reasonably effective or competent attorney to investigate and pursue an insanity defense and the issue of Petitioner's competency to stand trial." In his application he stated that while in jail awaiting trial, his "extremely bizarre and violent behavior" led to a week's commitment in a mental hospital where his mental illness was diagnosed as "schizophrenia, amblatory type with sociopathic features." He also stated that after being released from the mental hospital and returned to jail, he received substantial doses of anti-psychotic drugs. Brown claimed that his attorney was aware of his mental illness and that he specifically asked his attorney to raise an insanity defense. Brown's attorney, however, did nothing to pursue an insanity defense or to raise the issue of his competency to stand trial.

The state district court denied Brown's application. Its denial was affirmed without written order by the Texas Court of Criminal Appeals.

Brown subsequently filed his application for § 2254 relief in federal district court. In the district court, Brown asserted the same constitutional deficiency. After the state had filed its answer to the § 2254 petition, however, Brown filed a motion to supplement the record. By means of this motion, he added the affidavits of three individuals who had observed Brown's behavior while he was incarcerated awaiting trial. These affidavits, which had not been presented to the state courts, added some substantiation to contentions which previously had no serious corroboration.

To have exhausted state remedies, as required by § 2254, a habeas corpus petitioner must have presented the substance of his claim to the state courts. *Picard v. Connor,* 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971). The exhaustion requirement is not satisfied if a petitioner presents new legal theories or entirely new factual claims in support of the writ before the federal court. *Hart v. Estelle,* 634 F.2d 987, 989 (5th Cir.1981); *Knoxson v. Estelle,* 574 F.2d 1339, 1340 (5th Cir.1978).

The state courts must have had an opportunity to pass on the claim in light of a full record and where the factual basis for a claim was not presented to the state courts, the claim is unexhausted. Where a federal habeas petitioner presents newly discovered evidence or other evidence not before the state courts such as to place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it, the state courts must be given an opportunity to consider the evidence. Id.

It is plain that Brown's claim of ineffective assistance of counsel is in a significantly different and stronger evidentiary posture than it was before the state courts. His present claim of ineffective assistance of counsel depends in large meas-

ure on factual allegations outside the record on his direct appeal and in his habeas proceedings in the state courts. In these circumstances, we think exhaustion of state remedies on Brown's present ineffective assistance of counsel claim requires further proceedings in the state courts unless there has been a waiver of the exhaustion requirement by the state.

■ To have waived Brown's failure to exhaust state remedies, the state must have explicitly articulated the waiver or else have failed to raise the exhaustion defense at the proper time. *Felder v. Estelle,* 693 F.2d 549 (5th Cir.1982); *Hopkins v. Jarvis,* 648 F.2d 981, 983 n. 2 (5th Cir.1981); *Messelt v. Alabama,* 595 F.2d 247, 250–51 (5th Cir.1979).

Here the state did not raise the defense in its answer to Brown's petition. At the time the state filed its answer, however, Brown had not failed to exhaust available state remedies. His petition had only presented the bare bones of his claim which had also been made to the state courts. It was only after the state had filed its answer that exhaustion was drawn into issue when Brown sought to supplement the record with new and substantial evidence that the state courts had not considered.

Without requiring further response from the state, the district court proceeded to dismiss Brown's claim without prejudice for failure to have fully presented his claim in the state courts. On appeal, the state has urged dismissal upon the grounds that the state courts have not had an opportunity to consider fully the factual allegations Brown presented to the district court in his supplemental pleadings.

■ It is therefore clear in this case that the state has not waived the exhaustion requirement, and, although doing so on appeal, has timely raised it.

As the factual allegations in these affidavits were not made before the state courts, this court "reiterates its belief that 'the interest of the State of Texas, the federal courts, and the petitioner are best balanced by allowing the state courts to consider this

evidence' " as well as any medical testimony and records which Brown may secure and introduce regarding his mental history. *Hart v. Estelle,* 634 F.2d at 989 (quoting *Knoxson v. Estelle, supra,* 574 F.2d at 1340). See also *Beavers v. Balkcom,* 636 F.2d 114 (5th Cir.1981). Therefore, the district court's dismissal of Brown's petition without prejudice to his right to refile the petition if he is dissatisfied with the outcome of any further state proceedings is

AFFIRMED.