**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 97-40722
_____

COREY BURRELL BROWN,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal
Justice, Institutional Division

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

August 21, 2000

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

WIENER, Circuit Judge:

Petitioner-Appellant Corey Brown appeals the district court's
denial of his petition for habeas relief.  We affirm the district
court's judgment with respect to the dismissal of Brown's first,
second, fifth and sixth federal claims.  Concluding that the
district court erred in dismissing the remaining three of Brown's
claims without first conducting an evidentiary hearing, however, we
reverse the district court's judgment dismissing Brown's third,
fourth, and seventh federal claims and remand them to the district
court to conduct an evidentiary hearing before adjudicating them on

their merits.

# I
## FACTS AND PROCEEDINGS

A Texas state court jury found that Brown and another man beat Bryan Shane Fulmer to death outside of a Denison, Texas nightclub in a dispute over a $30 crack cocaine debt. Brown was convicted of murder and sentenced to 30 years imprisonment. He did not appeal his conviction.

Brown filed two state-court habeas corpus petitions. In the first petition, Brown argued that he was denied the right to appeal because his lawyer misled him by supplying false information regarding his eligibility for parole. Specifically, Brown averred that his lawyer advised him that he would be eligible for parole within 18 to 22 months, before his appeal could be considered, and that in reliance on this misinformation he decided not to file a direct appeal. The state court denied Brown's first petition without conducting a hearing.

In his second state habeas corpus petition, Brown asserted six grounds for habeas relief, five of which support the claim that his lawyer's assistance was constitutionally deficient. Specifically, Brown averred that his lawyer failed to: (1) subpoena his codefendant, Michael Jackson, who Brown claimed would have testified that Brown attempted to stop the assault; (2) subpoena the bartender of the nightclub where the assault occurred, who Brown claimed would have testified that Brown told him to call for

2

medical assistance for the victim of the attack; (3) investigate whether there had been another assault on the victim after the one in which Brown participated, an assault that Brown claims was the real cause of death (the "second assault defense"); (4) interview potential witnesses, who Brown claims would have corroborated facts supporting his second assault defense; and (5) review reports and prior statements by witnesses, rendering his impeachment of the witnesses at trial less effective than it could have been. The sixth ground for relief that Brown asserted in his second state habeas petition contends that he was denied due process by the state trial court's assumption of jurisdiction over his case because his indictment was not signed by the district attorney.

The state trial court denied Brown's second petition without conducting a hearing, but the Texas Court of Criminal Appeals vacated and remanded with instructions that the trial court obtain an affidavit from Brown's trial counsel and enter findings of fact and conclusions of law with the benefit of the affidavit. At the hearing, Brown's trial counsel submitted an affidavit and Brown responded by reiterating his allegations of constitutionally deficient representation. Together with his response, Brown proffered an affidavit from his mother in which she stated that she was present when Brown demanded that his lawyer subpoena specific witnesses whose testimony would have supported his second assault defense. The trial court considered all of the affidavits, made findings of fact, and entered a written order concluding that

3

Brown's lawyer's representation was not constitutionally deficient.

Brown then sought habeas relief in federal court under 28 U.S.C. § 2254. The claims made in Brown's federal petition are essentially identical to the claims he made in his state court petitions. He asserts that his lawyer rendered constitutionally deficient assistance by: (1) refusing to call his codefendant as a witness; (2) failing to interview the bartender to corroborate Brown's assertion that he had asked the bartender to call for medical assistance for the victim of the assault; (3) & (4) failing to interview witnesses whose testimony would have added credibility to the second assault defense; and (5) failing to prepare adequately for trial, thereby missing opportunities to impeach witnesses called by the prosecution. Brown further claims that (6) he was denied due process of law because his indictment was not signed by the District Attorney; and (7) he was denied the right to appeal because his lawyer erroneously informed him that he would be eligible for parole before any appeal he might file could be decided by an appellate court. The state filed an answer arguing that Brown's petition should be denied as being wholly without merit.

The district court referred the case to a magistrate judge, who in turn directed the state to submit a statement of facts from the state criminal trial together with any further responses that it deemed necessary to clarify the facts surrounding Brown's second-assault defense. The magistrate judge's request was made

4

pursuant to Rule 7 of the Rules Governing Habeas Corpus Cases Under § 2254 ("Rule 7").

In August 1996, the state responded to the magistrate judge's request by filing a supplemental answer, which included a ten-page affidavit from Brown's trial attorney. The affidavit responded not only to Brown's claims concerning the allegedly inadequate investigation of his second assault defense, but — exceeding the magistrate judge's invitation — also responded exhaustively and in great detail to each of Brown's other five federal claims. Almost five months later, in January 1997, the magistrate judge issued a report and recommendation concluding that the district court should deny Brown's petition.

Brown filed objections to the magistrate judge's report and attached four affidavits. Each affidavit contained evidence that had never been presented to the state courts but which was directly responsive to the factual assertions made by Brown's trial attorney in the expansive affidavit submitted by the state in response to the magistrate judge's Rule 7 request. The magistrate judge ordered the state to reply to Brown's affidavits and to advise the court whether "a brief evidentiary hearing needs to be conducted on [Brown's] claim that he was denied the right to appeal." The state asserted in reply that (1) Brown's submission of affidavits addressing evidence not presented to the state courts in either of his state habeas petitions rendered his claims procedurally barred; and (2) even if the claims were not procedurally barred, Brown's

5

petition must be dismissed for failure to exhaust under 28 U.S.C. § 2254(b) and (c). In the alternative, the state asserted that Brown had not been denied effective assistance of counsel because all of the errors alleged by Brown could be attributed to his lawyer's reasonable trial strategy.

The district court overruled Brown's objections and adopted the magistrate judge's report and recommendation. The court held that the state trial court's findings of fact were not unreasonable in light of the evidence presented and accordingly denied Brown's petition in its entirety. The court further held that the new affidavits submitted by Brown "consist[] of unexhausted issues before the state courts....This court cannot consider unexhausted claims unless an exception is present." Concluding that none of the exceptions to the exhaustion requirement were applicable to Brown's late-filed affidavits, the district court adopted the magistrate judge's report and recommendation without considering any of the new evidence proffered by Brown. This appeal followed.[1]

## II
## ANALYSIS

---

[1] In granting Brown's request for a Certificate of Probable Cause (CPC), we directed the parties to brief whether, in light of Rule 7(c) of the Rules Governing Habeas Corpus Cases Under Section 2254 and Vasquez v. Hillery, 474 U.S. 254, 257-60 (1984), the district court erred by refusing to consider Brown's responsive affidavits on the ground that they were procedurally barred. Our resolution of the case precludes consideration of those issues, however, as our decision turns instead on Brown's right to some form of federal evidentiary hearing under the Supreme Court's decision in Townsend v. Sain, 372 U.S. 293 (1963).

6

A.  Jurisdiction & Standard of Review

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.  We review the district court's findings of fact for clear error; issues of law are reviewed de novo.[2]

B.  Categorizing Brown's Habeas Claims

We begin our analysis by separating Brown's several habeas claims into different categories based on their procedural history. 28 U.S.C. § 2254 requires that a federal court considering the merits of a state prisoner's habeas corpus petition afford a presumption of correctness to findings of fact made by state courts in prior state habeas proceedings.[3]  Where no findings of fact have been made by the state courts with respect to a particular habeas claim, however, a federal habeas petitioner is entitled to some form of federal evidentiary hearing so long as his "allegations, if proved, would establish the right to habeas relief."[4]

As noted, Brown filed two state habeas petitions.  His first petition, in which he alleged that his lawyer's ineffective

---

[2] Vanderbilt v. Collins, 994 F.2d 189, 196 (1993).

[3] In Lindh v. Murphy, 521 U.S. 320 (1997), the Court held that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which was signed into law on April 24, 1996, does not apply in noncapital cases to habeas corpus petitions that were pending when the act was passed.  Brown filed his petition prior to the effective date of the AEDPA; therefore, the pre-AEDPA version of §2254(d) determines the appropriate deference to be afforded state-court fact finding.

[4] Young v. Herring, 938 F.2d 543, 559 (5th Cir. 1991), citing Townsend v. Sain, 372 U.S. 293, 307 (1963).

assistance of counsel denied him the right to appeal, was summarily dismissed by the state courts without a hearing. His second petition, in which he asserted five new claims of ineffective assistance of counsel as well as a claim that he was deprived of due process by the district attorney's failure to sign his indictment, was denied by the state courts after an evidentiary hearing was conducted on remand. Although in his federal habeas petition Brown has re-alleged all of the claims from both of his state petitions, we must evaluate the claims from the two state petitions separately because of the different treatment given them by the state courts.

C.  Claim Raised in First State Petition — Denial of Right to Appeal

As the state courts did not hold an evidentiary hearing with respect to Brown's claim that he was denied the right to appeal ("Brown's seventh federal claim"), there are no findings of fact regarding that claim to which we must defer under Section 2254. Thus, the only question we must answer with respect to that claim is whether "the alleged facts, if true, would entitle petitioner to relief."[5]  If we conclude that Brown could be entitled to relief, he must be accorded some form of federal evidentiary hearing regarding the claim.[6]

_____

[5] Joyner v. King, 786 F.2d 1317, 1321 (5th Cir. 1986); see also Perillo v. Johnson, 79 F.3d 441, 444 (5th Cir. 1996).

[6] See Townsend, 372 U.S. at 313-15; Blackledge v. Allison, 431 U.S. 63, 82-83 (1977).

8

The essence of Brown's claim is that his attorney's ineffective assistance deprived him of the opportunity to appeal his conviction. Specifically, Brown alleges that when he informed his attorney that he wanted to appeal his conviction, his attorney erroneously advised him not to appeal because he would be eligible for parole in 18 to 22 months, long before his appeal could be considered or ruled on. Brown was subsequently sentenced to 30 years in prison, and he will not be eligible for parole for several years.

If Brown can prove that the facts he alleges are true, he will be entitled to habeas relief. For a habeas petitioner to demonstrate that his counsel's performance was constitutionally deficient, the Supreme Court's decision in Strickland v. Washington requires him to show that (1) his counsel's representation "fell below an objective standard of reasonableness"[7] and (2) he was prejudiced by his counsel's deficient performance.[8] With respect to the first prong of the Strickland test, we hold that it is objectively unreasonable for an attorney to advise a criminal defendant incorrectly that he will be eligible for parole before any appeal that he might file can be decided when in fact the defendant faces a maximum sentence that could render him ineligible for parole for many years to come. To demonstrate prejudice under

---

[7] 466 U.S. 668, 688 (1984).

[8] Id. at 694.

the second prong of the <u>Strickland</u> test, a criminal defendant alleging that his counsel's deficient performance deprived him of the right to appeal merely needs to show that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."[9] It is Brown's contention that he told his attorney that he wanted to appeal his conviction, but that his attorney persuaded him not to appeal by giving him erroneous advice regarding his eligibility for parole. Brown's account, if true, is sufficient to demonstrate that he was prejudiced by his attorney's deficient performance.[10] As Brown's pleadings make out a facially adequate claim of ineffective assistance of counsel, and as the state courts failed to make any findings of fact with respect to the claim, he is entitled to some form of evidentiary hearing in the federal courts.

In denying Brown's seventh federal claim, the district court relied heavily on the affidavit of Brown's attorney, Jack McGowan. The state submitted the affidavit in response to a Rule 7 request made by the magistrate judge to whom the case was referred. The magistrate judge did not request that the state submit any supplementary evidence with respect to the claim here at issue; however, the affidavit submitted by McGowan exhaustively responded

---

[9] <u>Roe v. Flores-Ortega</u>, __ U.S. __, 120 S.Ct. 1029, 1038 (2000).

[10] <u>See</u>, <u>for example</u>, <u>Martin v. Texas</u>, 694 F.2d 423, 425-26 (5th Cir. 1982).

to all of Brown's claims despite the fact that the magistrate judge only requested additional information pertaining to Brown's second assault defense.

Under these circumstances, the district court erred in relying on McGowan's affidavit to deny Brown's seventh federal claim. As has been noted, because the state courts failed to make any findings of fact with respect to that claim, Brown is entitled to some form of federal evidentiary hearing. The Supreme Court has specified that such hearings need not be "full-fledged"; district courts have a number of tools at their disposal, including Rule 7, which can be used to expand the record and "dispose of some habeas petitions not dismissed on the pleadings...without the time and expense required for [a full-fledged] evidentiary hearing."[11] If a district court decides to forgo a full-blown hearing with plenary presentation of evidence, however, it must "seek as a minimum to obtain affidavits from all persons likely to have firsthand knowledge" of the facts relevant to the claim under consideration.[12] In other words, a district court must at a minimum make an independent determination concerning what evidence is required to resolve the defendant's claim, and must solicit the best evidence, short of live testimony of witnesses, that each of the parties is

_____

[11] Blackledge, 431 U.S. at 81-82; see also McDonald v. Johnson, 139 F.3d 1056, 1060 (1998) ("the district court may expand the record and consider affidavits, exhibits, or other materials that cast light on the merits of the petition").

[12] Blackledge, 431 U.S. at 1633 n.25.

11

capable of producing.

In the instant case, the district court made no independent determination concerning what evidence it required to resolve Brown's seventh federal claim. The court's fortuitous and unsolicited receipt of evidence pertaining to that claim in the form of McGowan's expansive affidavit does not constitute an adequate substitute for the balanced-evidence hearing to which Brown is constitutionally entitled. Even if the district court had specifically requested that the state submit evidence regarding the claim, the court's failure to solicit any evidence whatsoever from Brown before ruling on it satisfactorily demonstrates that the procedures employed by the court were inadequate to satisfy the dictates of Townsend.

As the district court's reliance on McGowan's affidavit does not satisfy Brown's right to an evidentiary hearing, we reverse the district court's denial of Brown's seventh federal claim and remand that claim to the district court with instructions that it conduct some form of evidentiary hearing regarding the claim, consistent with the guidelines laid out in this opinion. Precisely what form the evidentiary hearing should take is a matter for the district court to decide. We do note, however, that the proceedings need not amount to a "wide-ranging fishing expedition";[13] the district court is required only to gather sufficient evidence to adjudicate

---

[13] See Goodwin v. Johnson, 132 F.3d 162, 185 (5th Cir. 1998).

12

Brown's claim fully and fairly.

D.   Claims Raised in Brown's Second State Petition

Brown asserted six grounds for habeas relief in his second state habeas petition, all of which he raises again in his federal petition.  On remand from the Court of Criminal Appeals, the state trial court conducted an evidentiary hearing and entered written findings of fact respecting three of the six claims.  Section 2254 requires that we defer to those findings of fact in ruling on Brown's federal habeas petition.

In his first federal claim, Brown asserts that he received ineffective assistance of counsel because McGowan failed to subpoena Brown's co-defendant, Michael Jackson, to testify on his behalf.  The state court found that (1) McGowan had a bench warrant issued to produce Jackson from prison to testify at trial; (2) McGowan reviewed the testimony given by Jackson in other related trials and concluded that his testimony would hurt rather than help Brown's case; and (3) McGowan related his concerns to Brown, telling him that he (McGowan) was disinclined to call Jackson to testify but would do so if Brown insisted.  In light of these findings of fact, the district court did not err in ruling that McGowan's conduct was objectively reasonable and that Brown did not receive ineffective assistance of counsel with respect to his first federal claim.

In his second federal claim, Brown asserts that he received ineffective assistance of counsel because McGowan failed to

subpoena Bob Presley, who was a bartender at the nightclub that was the scene of the crime and who, according to Brown, would have testified that Brown asked him to call for medical assistance for the victim of the assault. The state court found that McGowan did in fact interview Presley and that Presley told McGowan that Brown never asked him to call for medical assistance. In light of these findings of fact, the district court did not err in ruling that McGowan's failure to subpoena Presley was objectively reasonable and that Brown did not receive ineffective assistance of counsel with respect to his second federal claim.

In his fifth federal claim, Brown asserts that he received ineffective assistance of counsel because McGowan failed to review prior reports and statements made by various trial witnesses which would have enabled him to impeach their testimony more effectively. The state trial court found that McGowan (1) interviewed potential witnesses before trial; (2) was prepared at trial with written statements and records of prior sworn testimony; and (3) did in fact impeach witnesses with prior inconsistent statements during the trial. In light of these findings of fact, the district court did not err in ruling that McGowan's conduct was objectively reasonable and that Brown did not receive ineffective assistance of counsel with respect to his fifth federal claim.

The state courts did not make any findings of fact respecting Brown's third, fourth, and sixth federal claims. Thus, Brown is entitled to some form of federal evidentiary hearing with respect

14

to any of those claims that allege facts which, if proved true, would entitle him to habeas relief.[14]

In Brown's sixth federal claim, he asserts that he was deprived of due process of law because the state trial court assumed jurisdiction over the case against him despite the district attorney's failure to sign Brown's indictment. The district court correctly concluded that no evidentiary hearing is necessary with respect to this claim. Even assuming that Brown's allegation that the district attorney failed to sign his indictment is true, that omission would not have deprived the state trial court of jurisdiction under Texas law.[15] Thus, the district court did not err in dismissing Brown's sixth federal claim without conducting an evidentiary hearing.

In his third and fourth federal claims, Brown asserts that he received ineffective assistance of counsel because McGowan failed adequately to investigate Brown's second assault defense. As the state courts failed to make any findings of fact with respect to Brown's second assault defense, the magistrate judge to whom Brown's case was referred expanded the record by using Rule 7 to gather the evidence necessary to resolve the claims. Specifically, the magistrate judge directed the state to submit "any further responses deemed necessary" to the adjudication of Brown's second

---

[14] Joyner, 786 F.2d at 1321; see also Perillo, 79 F.3d at 444.

[15] See McKay v. Collins, 12 F.3d 66 (5th Cir. 1994).

assault defense claims.  Accordingly, the state submitted an affidavit prepared by McGowan which responded in detail not only to Brown's claims regarding his second assault defense, but also to those claims about which the magistrate judge had not requested any additional information.  Noting that "Mr. McGowan refutes each claim made by petitioner and Mr. McGowan's affidavit is supported by his work product contained in the supplemental record," the magistrate judge recommended that the district court deny Brown's claims pertaining to the second assault defense.  The district court subsequently adopted the magistrate judge's findings of fact and conclusions of law and dismissed all of Brown's claims.

As failure to investigate a potentially sound defense can, under some circumstances, constitute ineffective assistance of counsel that entitles a petitioner to relief,[16] Brown should have been accorded some form of federal evidentiary hearing before his third and fourth federal claims were adjudicated by the district court.  Therefore, we must decide whether the magistrate judge's purposeful expansion of the record pursuant to Rule 7 by inviting the state to submit additional evidence regarding the second assault defense satisfies Brown's right to an evidentiary hearing. We conclude that it does not.  It is true that under some circumstances a "paper hearing" involving the consideration of affidavits only can be sufficient to satisfy a petitioner's right

---

[16] See Hill v. Lockhart, 474 U.S. 52, 59-60 (1985).

to an evidentiary hearing.[17]  No matter what form of hearing a district court elects to conduct, however, a habeas petitioner must be accorded "careful consideration and plenary processing of his claim, including full opportunity for presentation of the relevant facts."[18]  The failure of the magistrate judge and the district court to solicit any evidence whatsoever from Brown with respect to his second assault defense claims deprived him of his right under Townsend to an evidentiary hearing.  We therefore reverse the district court's denial of Brown's third and fourth federal claims and remand them to the district court with instructions to conduct an evidentiary hearing consistent with the guidelines laid out in this opinion.  We note again that the precise form that the evidentiary hearing should take is a matter for the district court to decide, and that the court is required only to gather sufficient evidence to adjudicate Brown's claim fully and fairly.

## III
## Conclusion

The district court's judgment with respect to Brown's first, second, fifth and sixth federal habeas claims is affirmed.  The district court's judgment with respect to Brown's third, fourth, and seventh federal habeas claims is reversed, and these claims are

---

[17] See Blackledge, 431 U.S. at 81 ("the district judge (or a magistrate to whom the case may be referred) may employ a variety of measures in an effort to avoid the need for an evidentiary hearing").

[18] Id. at 82-83 (punctuation and citation omitted).

remanded to the district court with instructions to conduct an evidentiary hearing with respect to those claims before adjudicating them on their merits.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART, with instructions.