IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40673
USDC No. L-99-CR-706-1
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DANTE JAVIER FLORES-GUTIERREZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
--------------------
November 27, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:*

     Dante Javier Flores-Gutierrez ("Flores"), federal prisoner #87526-079, has applied for a certificate of appealability ("COA") for an appeal from the district court's order denying his motion under 28 U.S.C. § 2255.  See 28 U.S.C. § 2253(c)(1)(B).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2); see Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000).

     Flores argues for the first time in his COA application that he is entitled relief because the Government refused to file a

_____

     *  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for downward departure under U.S.S.G. § 5K1.1 for his cooperation with authorities.  This court lacks jurisdiction to review issues raised for the first time in a COA motion.  See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998).

Flores also contends that his attorney rendered ineffective assistance by failing to pursue downward departures under the "safety valve" provision of the Sentencing Guidelines and based on his status as a deportable alien.  Flores has failed to make a substantial showing that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong as to this issue.  See Slack, 120 S. Ct. at 1604.  His motion for COA as to this issue is DENIED.

Flores asserts that his counsel was ineffective for failing to file a direct appeal in spite of Flores' intention to do so. In light of our holding in Brown v. Johnson, 224 F. 3d 461 (5th Cir. 2000), the district court should have held an evidentiary hearing on Flores' claim that he requested counsel to file a direct appeal on January 10, 2000, but was informed that the time-period for an appeal had elapsed.  As Flores has stated a facially valid claim of the denial of a constitutional right regarding his claim that his counsel was ineffective for failing to file a direct appeal, COA is GRANTED as to this issue.  We vacate and remand to the district court for an evidentiary hearing regarding this issue.

COA GRANTED IN PART, DENIED IN PART; VACATED AND REMANDED.