IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11359
Summary Calendar
_____

LESTER DON PARKS,

Petitioner-Appellee,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:98-CV-26-C
--------------------
April 24, 2002

Before JOLLY, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Janie Cockrell, the Director of the Texas Department of
Criminal Justice, Institutional Division, appeals the district
court's judgment granting an out-of-time appeal to Lester Don
Parks, Texas prisoner # 765940. The district court determined
that Parks' trial counsel was ineffective in that he did not
advise Parks of his right to appeal and the applicable time
limitations, and he did not follow through with his promise to
file a notice of appeal on behalf of Parks. The Respondent

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

argues that Parks' claim is conclusional and that the district court erred in considering Teresa Moore's affidavit because Parks did not submit Moore's affidavit to the state habeas court. Although Parks did not present Moore's affidavit to the state court, "all crucial factual allegations were before the state courts at the time they ruled on the merits," and, therefore, the claim was fairly presented to the state court and has been exhausted. See Dowthitt v. Johnson, 230 F.3d 733, 746 (5th Cir. 2000), cert. denied, 532 U.S. 915 (2001). Further, the district court noted that Moore's affidavit was cumulative of Parks' allegations. Parks' claim is not conclusional as he alleged under penalty of perjury that counsel did not advise him of his right to appeal or the applicable time limits and that counsel promised to file an appeal but failed to do so. See 28 U.S.C. § 1746; Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988).

The Respondent argues that the district court erred in granting Parks' habeas petition on this issue without conducting an evidentiary hearing; however, the Respondent argues that under 28 U.S.C. § 2254(e)(2), Parks is not entitled to an evidentiary hearing because he failed to develop the record in the state habeas court. The Respondent also argues that the district court erred in shifting the burden of proof to the Respondent. The failure to develop the state record is not attributable to Parks, as the state habeas court did not order either party to submit affidavits, did not hold an evidentiary hearing, did not make findings of fact or conclusions of law, and merely stated that

the application was denied by operation of law pursuant to Texas Code of Criminal Procedure article 11.07 § 3(c).  See Williams v. Taylor, 529 U.S. 362, 432 (2000).  Therefore, Parks is not precluded from obtaining a federal evidentiary hearing by 28 U.S.C. § 2254(e)(2).  See Williams, 529 U.S. at 432.

The district court may resolve factual issues through consideration of conflicting affidavits.  See Brown v. Johnson, 224 F.3d 461, 466 (5th Cir. 2000); McDonald v. Johnson, 139 F.3d 1056, 1059-60 (5th Cir. 1998).  As noted above, Parks' allegations made under penalty of perjury were the equivalent of allegations made in an affidavit under 28 U.S.C. § 1746.  The Respondent did not submit an affidavit from Parks' trial counsel as directed by the district court.  The district court did not improperly shift the burden to the Respondent by ordering the Respondent to file an affidavit from Parks' trial counsel.  See Brown, 224 F.3d at 466; McDonald, 139 F.3d at 1059-60.  The district court did not err in holding that the only evidence before the court supported Parks' allegations that his counsel stated he would file an appeal but failed to do so.  See Brown, 224 F.3d at 466; McDonald, 139 F.3d at 1059-60.  Parks' motion for appointment of counsel is DENIED.  Parks' motion to supplement the record is also DENIED.

AFFIRMED; MOTIONS DENIED.