United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40350
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICK ALVAREZ, JR,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:02-CV-431
USDC No. 2:01-CR-64-5
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rick Alvarez, Jr., federal prisoner #98176-079, appeals the
district court's denial of his 28 U.S.C. § 2255 motion to vacate,
set aside, or correct sentence challenging his guilty-plea
conviction and sentence for conspiracy to possess with intent to
distribute more than five kilograms of cocaine. This court
granted Alvarez a certificate of appealability on the issue of
whether the district court erred by denying his claim that his
counsel was ineffective for failing to appeal the sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed without holding an evidentiary hearing. United States v. Alvarez, No. 04-40350 (5th Cir. Sept. 21, 2004) (unpublished). Alvarez argues that his counsel was ineffective because he did not appeal the sentence imposed after Alvarez requested that one be filed and that the district court erred by denying this claim without holding an evidentiary hearing.

We review a district court's denial of a 28 U.S.C. § 2255 motion without holding an evidentiary hearing for an abuse of discretion. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). The failure to file a requested notice of appeal is ineffective assistance of counsel even without a showing that the appeal would have merit. Roe v. Flores-Ortega, 528 U.S. 470, 477, 483 (2000). Construing Alvarez's allegations liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), Alvarez presented a facially adequate claim of ineffective assistance of counsel that involved a contested issue of fact, and contrary to the district court's determination that Alvarez made no sworn statements to support his claim, Alvarez's § 2255 motion was made under penalty of perjury and was, therefore, competent evidence that the district court should have considered. 28 U.S.C. § 1746; Hart v. Hairston, 343 F.3d 762, 764 n.1 (5th Cir. 2003). As a result, the district court abused its discretion by denying Alvarez's claim based on affidavits without holding an evidentiary hearing. See Brown v. Johnson, 224 F.3d 461, 466-67 (5th Cir. 2000); United States v. Hughes, 635 F.2d 449, 451 (5th Cir. Unit B

1981).  The district court's denial of Alvarez's ineffective assistance of counsel claim is VACATED and this case is REMANDED to the district court for further proceedings.

Alvarez additionally seeks leave to file a supplemental brief in which he seeks to raise, for the first time, the argument that his sentence was imposed in violation of the Sixth Amendment under Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).  We will not consider this argument because it was raised for the first time in an appeal from the denial of a collateral attack upon Alvarez's sentence.  See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998).  Alvarez's motion for leave to file supplemental brief is DENIED.  Alvarez's motion for appointment of counsel is also DENIED.

VACATED AND REMANDED; MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.