Court of Criminal Appeals
Clerk of Court - Abel Acosta
P.O. Box 12308
Capitol Station
Austin, TX 78711

**RECEIVED IN**
**COURT OF CRIMINAL APPEALS**

**OCT 05 2015**

Abel Acosta, Clerk

Dear Honorable Clerk Acosta:

Please find enclosed a copy of the Response that I filed with the Clerk of Court in Harris County on September 10, 2015. The Judge for that Court had signed the Findings of Facts/State's Conclusion of Law for my 11.07 Writ of Habeas Corpus two days prior to receiving my Response and my fear is that the Clerk sent you my 11.07 application and file with it to you before they received said Response.

I request at this time that you file this copy with the file that you have on me. If this Court has already received my 11.07 application, exhibits, memorandum of law, etc. for this Court's ruling, would you please present it to the Court for inclusion with everything else.

Thank you very much for your kind assistance in this matter. I have enclosed a S.A.S.E. for your convienence so that you can return a File/Date stamped copy of this letter to me.

Respectfully Submitted,

Bobby Henry #1719613
Wayne Scott Unit
6999 Retrieve
Angleton, TX 77515

WR-29,870-03

| | | |
|---|---|---|
| Ex Parte | § | IN THE DISTRICT COURT OF |
| | § | HARRIS COUNTY, TEXAS |
| BOBBY HENRY | § | 180th JUDICIAL DISTRICT |

APPLICANT'S RESPONSE TO THE COURT'S ORDER AND RESPONSE
FOR A SUPPLEMENTAL ORDER BE ISSUED AND SUPPLEMENTAL
REQUEST FOR A LIVE EVIDENTIARY HEARING BECAUSE THE
JUDGE THAT SIGNED THE ORDER FOR THIS PAPER HEARING
IS NOT THE SAME JUDGE THAT PRESIDED OVER THESE
PROCEEDS AT THIS TIME, HAVING NO KNOWLEDGE
OF THE TRIAL. A PAPER HEARING IS THEREFORE INADEQUATE.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BOBBY HENRY, Apllicant herein and in support of this motion will show this Honorable Court the following:

This Honorable Court issued an order that is signed by the previous Judge on *November*, *9* 20*12*. This order is to serve the purpose of designating issues in order to further develop the record.

It will be impossible for a fair and full hearing in this case to be totally dependent upon a paper hearing by affidavits. Trial counsel can not be expected to admit his own ineffectiveness, this is the very reason that a new counsel is appointed to protect the appeal. Alston v. garrison, 720 F.2d 812, 816 (5th Cir 1983)(Counsels can not be expected to admit their own ineffectiveness in the habeas proceedings in sworn affidavits). Doing so would be detrimental to counsels livelihood. It will therefore, require the extensive knowledge and skills ofanother attorney to test the creibility of his/her answers in a crucial cross-examination.

(1)

It's beyond dispute that counsel's, the court reporter's and the District Attorney's and trial Judge's answers in their respective affidavits will all be subjected to a credibility determination. This is a duty that only the Judge that conducted the trial can perform. Yet, in this case, the trial judge understandably can not unbiasly assess the credibility of his own affidavit. With this in mind, the Federal Courts have consistently ruled a Judge that did not conduct the trial is "disqualified" to judge the credibility of affidavits presented in a habeas proceddings by the trial counsel, DA's or witnesses etc.... This is true because only the trial judge has first hand knowledge to compare the facts that are in said affidavit(s) to what actually took place at trial. As such, a paper hearing will not be considered a fair and full determination of facts in the Habeas proceeding. Perilla v. Johnson, 79 F.3d 441, 446 (5th Cir 1996).

"Moreover, even if there has been state court findings on this issue they would not be entitled to the presumption of correctness. State court habeas findings of fact are presumed correct "only" when there has been a full and fair hearing. 28 U.S.C. §2254(d). Armstead v. Scott, 61 F.3d 333, 347 (5th Cir 1995).

"[I]t is necessary to examine in each case whether a paper hearing is appropriate to the resolution of the factual dispute underlying the petitioner's claim." May v. Collin, 955 F.2d 299, 312 (5th Cir). Nevertheless, a factfinding procedure that involves credibility determinations and is based on a paper hearing affords the

(2)

habeas petitioner a full and fair hearing when the state court judge who has presided over the petitioner's trial conducts the habeas petitioner's proceedings. (Armstead, 37 F.3d at 208).

Next, applicant seeks to develop the factual basis of his claim against the Judge and DA. These allegations, if true, will entitle applicant to relief and, therefore, by U.S. Supreme Court decision require this Court to allow applicant to develop the factual basis of his claim. ss, Townsend v. Sain, 372 U.S. 293 (1963)(held; on the record in this case the District Court erred in denying a Writ of Habeas COrpus without a plenary evidentiary hearing. Pp. 372 U.S. 295-322); see also Blackledge v. Allison, 97 S.Ct. 1621, 1633 (1977) ("But Allison is entitled to careful consideration and plenary processing of (his claim) including full opportunity for presentation of the relevant facts". Harris v. Nelson, 394 U.S. at 298, 89 S.Ct. at 1090); see also Id. n.25: (When the issue is one of credibility resolutions on the basis of affidavits can rarely be conclusive but that is not to say they may not be helpful.)

The trial court is Not Free to ignore Supreme Court decisions. Highwarden v. State, 846 S.W.2d 479, 481 (Tex.App. Houston (14 Dist] 1993).

Therefore, this Honorable Court is Required by Supreme Court decision to allow applicant to develop the facts from every source that has personal knowledge of the factual allegations within his habeas application. see Brown v. Johnson, 224 F.3d 461, 467 (5th Cir 2000).

Additionally, if these presently unresolved issues are not re-

(3)

solved by this Honorable Court during a live Evidentiary hearing, it will deny applicant a fair and full opportunity to resolve them.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this motion in all things be granted, thereby ordering a live evidentiary hearing be held and issue a bench warrant for Applicant so he can personally attend this hearing. In the alternative, supplement this paper hearing as requested herein and grant Applicant any other or additional relief he is justly entitled to. It is so prayed.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above motion was served on Chris Daniel by placing a copy in the U.S. Mail addressed to: Chris Daniel, CLerk of Court, 1201 Franklin St., Houston, Texas 77002 on this the 10th day of September 2015.

_____
Applicant

## UNSWORN DECLARATION

I, Bobby Henry, TDCJ-ID #1719613, presently incarcerated in the Wayne Scott Unit of the Texas Department of Criminal Justice in Brazoria County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct.

EXECUTED on this the 10th day of September 2015.

Respectfully Submitted,

_____
Bobby Henry #1719613
Wayne Scott Unit
6999 Retrieve Rd
Angleton, Texas 77515

Applicant, Pro se

(4)