[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14528
Non-Argument Calendar
_____

D. C. Docket No. 03-00467-CV-WHA-SRW

DERRICK LAKEITH BROWN,

Petitioner-Appellant,

versus

RALPH HOOKS,
Warden,
TROY KING,
Attorney General of the State of Alabama,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(April 18, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Petitioner Derrick Lakeith Brown, an Alabama state prisoner proceeding pro se, appeals the district court's dismissal without prejudice of his petition for a writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2254. The district court dismissed Brown's petition without prejudice in order to permit him to exhaust his state court remedies in connection with his claim of actual innocence based on the affidavit of Gregory M. Ferguson. We granted Brown a certificate of appealability ("COA") on the following issue:

> [w]here the appellee had responded that the appellant's 28 U.S.C. § 2254 petition was time-barred, whether the district court erred by dismissing without prejudice appellant's petition for failure to exhaust his available state court remedies with respect to his claim of actual innocence based on an affidavit of a state trial witness when appellant's underlying § 2254 petition claims were exhausted in the state courts?

The Respondents contend that the district court erred by dismissing the § 2254 petition without prejudice to allow Brown to exhaust the actual-innocence claim based on the Ferguson affidavit and also urge us to vacate and remand the district court's order. The Respondents argue that the claim was not only unexhausted but also procedurally barred -- an issue not considered by the district court. Thus, the Respondents ask us to vacate and remand the dismissal with instructions for the district court to dismiss the petition, including the actual-innocence claim based on the Gregory M. Ferguson affidavit, with prejudice.

Because the actual-innocence claim was procedurally defaulted in state court -- and Brown therefore <u>cannot</u> exhaust the claim -- we vacate and remand the district court's order. However, as we discuss below, it would be premature for us, at this point, to instruct the district court to dismiss Brown's § 2254 petition <u>with</u> prejudice, as the State urges us to do. Instead, we remand for further proceedings on whether one of the narrow circumstances in which a procedural default will be excused applies to the actual-innocence claim based on the Ferguson affidavit.

I.

The relevant facts are these. On October 31, 2000, Brown was convicted of intentional murder and sentenced to life imprisonment. On March 23, 2001, the Alabama Court of Criminal Appeals affirmed his conviction. Brown did not petition for <u>certiorari</u> review in the Alabama Supreme Court, and his conviction became final on April 10, 2001, when the Certificate of Judgment issued. Over one year later, on June 27, 2002, Brown's petition for post-conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure was filed. In his Rule 32 petition, Brown challenged the sufficiency of the evidence to support his conviction and asserted, among other things, claims of ineffective assistance of trial and appellate counsel and various trial errors. His petition was denied on

3

August 8, 2002, and the Alabama Court of Criminal Appeals affirmed the denial on January 7, 2003. The Alabama Supreme Court denied Brown's petition for certiorari review on March 28, 2003.

Thereafter, on April 26, 2003, Brown filed the instant petition for federal habeas relief pursuant to 28 U.S.C. § 2254. In his petition, Brown asserted essentially the same claims that he had included in his Rule 32 petition. In response to Brown's § 2254 petition, the State argued that, although Brown had exhausted the claims in state court, the petition should be dismissed with prejudice because it was untimely. In support of dismissal based on untimeliness, the State noted that after Brown's conviction and sentence were affirmed on March 23, 2001, he did not file a timely application for rehearing or seek review by the Alabama Supreme Court before the Certificate of Judgment issued on April 10, 2001. The State also noted that more than one year lapsed before Brown filed his Rule 32 petition. Thus, according to the State, Brown's § 2254 petition was untimely because (1) it was filed after the expiration of the AEDPA's[1] one-year

_____

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this appeal because Brown's motion was filed after the AEDPA's enactment.

4

period of limitation, 28 U.S.C. § 2244(d)(1), and (2) Brown's Rule 32 petition, filed after expiration of the limitation period, did not toll that period.

The district court concluded that Brown's petition was untimely because (1) his conviction became final in April 2001, after he failed to seek relief from the Alabama Supreme Court, which would have entitled him to file a petition for certiorari with the U.S. Supreme Court; (2) his Rule 32 motion did not toll the AEDPA's one-year period of limitation since it was filed 14 months after his conviction became final; and (3) the AEDPA's one-year limitation period expired prior to Brown's filing of the instant § 2254 petition on April 26, 2003. The court ordered Brown to show cause why his petition should not be dismissed as time-barred. The show-cause order issued on June 16, 2003.

On July 24, 2003, in response to the show-cause order, Brown asserted that dismissal of his petition would result in a fundamental miscarriage of justice because he had received ineffective assistance of counsel. He provided no explanation for his failure to comply with the AEDPA's one-year limitation period. On July 8, 2004, almost one year after his initial response to the show-cause order, Brown filed a "motion for disposition and status and to supplement the record and for judgment on the pleadings" ("Motion"). Brown attached to the Motion the affidavit of Gregory M. Ferguson who (1) detailed the events underlying the

5

murder; (2) averred that Brown was actually innocent of intentional murder; and (3) stated that Brown had acted in self-defense when he shot the victim. Ferguson further stated that he had lied at Brown's trial because he was a close friend of the victim. In the Motion, Brown also asserted, based on the newly discovered Ferguson affidavit, that he was actually innocent.

To the extent Brown sought disposition, status, or a judgment on the pleadings, the district court struck the Motion because it was filed without leave from the court. However, the court granted the Motion to the extent that Brown sought to supplement the record. On July 12, 2004, the district court ordered the State to respond to Brown's claim that the newly discovered Ferguson affidavit, which was signed May 25, 2004, established that he was actually innocent of the offense of conviction.

Notably, in its response, filed on August 2, 2004, the State conceded that Brown's actual-innocence claim was a new claim that had not been exhausted in state court, and that Brown had an available state remedy since the actual-innocence claim could be asserted pursuant to Rule 32.1(e) of the Alabama Rules of Criminal Procedure.[2] The State urged the district court either to dismiss

_____

[2] Rule 32.1(e) authorizes the filing of a state postconviction petition in the court of original conviction on the ground that:

Newly discovered material facts exist which require that the conviction or sentence

6

Brown's petition without prejudice or to stay the proceedings in order to allow Brown to exhaust his claim.

In a Report and Recommendation (R&R), a magistrate judge found that Ferguson's affidavit was not available to Brown during his state post-conviction proceedings and therefore had not been presented to the state courts for review. Thus, the magistrate judge recommended that the actual-innocence claim was not properly exhausted and that Brown's § 2254 petition should be dismissed without prejudice, so as to afford him the opportunity to exhaust the actual-innocence claim in state court.

---

be vacated by the court, because:

(1) The facts relied upon were not known by the petitioner or the petitioner's counsel at the time of trial or sentencing or in time to file a posttrial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;

(2) The facts are not merely cumulative to other facts that were known;

(3) The facts do not merely amount to impeachment evidence;

(4) If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and

(5) The facts establish that the petitioner is innocent of the crime for which the petitioner was convicted or should not have received the sentence that the petitioner received.

Ala. R. Crim. P. 32.1(e).

7

Brown objected to the R&R, arguing that he had not asserted a new actual-innocence claim, but rather had submitted newly discovered evidence in support of the claims he listed in his § 2254 petition (and had previously asserted in his Rule 32 petition in state court), including a challenge to the sufficiency of the evidence to support his conviction, all of which were exhausted. The district court determined that even if Brown had exhausted an actual-innocence claim, the one based on Ferguson's affidavit was different because the affidavit was newly discovered and had not been presented to the state courts. The district court overruled Brown's objection and adopted the R&R, thereby dismissing Brown's petition without prejudice in order for Brown to exhaust his actual-innocence claim based on Ferguson's affidavit. This appeal followed.

## II.

We review de novo a district court's grant or denial of a habeas corpus petition. See McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005), petition for cert. filed, No. 05-8664 (Jan. 10, 2006). "The district court's factual findings are reviewed for clear error, while mixed questions of law and fact are reviewed de novo." Id. "Whether a particular claim is subject[ ] to the doctrine of procedural default . . . is a mixed question of fact and law, subject to de novo review."

Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (internal quotations omitted).

Under the AEDPA, a person in state custody has a one-year period of limitation to file a petition for a writ of habeas corpus. See 28 U.S.C. § 2244(d)(1)(A). The period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A), (D).

> Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court. In order to be exhausted, a federal claim must be fairly presented to the state courts. "It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

McNair, 416 F.3d at 1302 (citations omitted). State remedies are not considered exhausted, even if the prior state proceedings asserted the same claim, when

9

entirely new factual claims are made in support of the habeas petition before the court. <u>Hart v. Estelle</u>, 634 F.2d 987, 989 (5th Cir. Unit A Jan. 1981) (<u>per curiam</u>).[3]

III.

The district court correctly concluded that the foregoing exhaustion requirements were not met as to the actual-innocence claim based on the newly discovered Ferguson affidavit. However, the court did not consider the effect of Ferguson's failure to raise the claim in a timely manner in state court, despite the State's <u>concession</u>, in its August 2, 2004 response to the district court's July 12, 2004 order, that Brown could file the claim, pursuant to Rule 32.1(e). The State now argues that, at this late date, the claim can no longer be raised in Alabama court and, therefore, Brown has procedurally defaulted the claim. We agree.

When a petitioner fails to properly exhaust his claims in state court, <u>and</u> is barred from raising the claims in state court by firmly established and consistently applied procedural rules, such claims are procedurally defaulted. <u>Henderson</u>, 353 F.3d at 891. "Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice'

---

[3] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (<u>en banc</u>), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

resulting from the default." Id. at 892. "Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Id. (citation omitted).

Here, the district court correctly concluded that Brown had not exhausted his actual-innocence claim based on the newly discovered Ferguson affidavit. However, the court erred by dismissing Brown's § 2254 petition without prejudice for failure to exhaust state remedies because Brown was procedurally barred from asserting his claims in state court, pursuant to Rule 32.2(c) of the Alabama Rules of Criminal Procedure, which provides, in part:

> The court shall not entertain a petition based on the grounds specified in Rule 32.1(e) unless the petition is filed within the applicable one-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later; provided, however, that the one-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of the precursor of this rule, i.e., April 1, 1987.

Ala. R. Crim. P. 32.2(c) (emphasis added).

The Ferguson affidavit was dated May 25, 2004, and Brown filed it in the district court on July 8, 2004. Giving Brown the benefit of the later date, July 8,

11

2004, for purposes of computing the date of "discovery" under Rule 32.2(c), Brown had until January 8, 2005 to file a Rule 32.1(e) petition based on the newly discovered evidence. Indeed, as early as August 2, 2004, the State informed Brown of the viability of his actual-innocence claim, if asserted in a Rule 32 petition. In response, Brown not only did not file such a petition but in fact objected to the R&R's characterization of the claim as newly discovered. It is too late for him to return to state court now, because Rule 32.2(c)'s six-month limitations period has expired and he is barred from raising the claim. Accordingly, the claim is procedurally defaulted for purposes of federal habeas review. See Henderson, 353 F.3d at 891 (holding that where habeas petitioner who asserts unexhausted claims is "barred by firmly established and consistently applied procedural rules from raising them, the claims are procedurally defaulted" (footnote omitted)).

## IV.

We vacate the district court's decision and remand for the district court to conduct further proceedings on the procedurally defaulted claim based on the Ferguson affidavit, including a determination as to whether either of the two "narrow circumstances" applies to excuse the procedural default. Cf. Henderson,

353 F.3d at 892 (discussing "narrow circumstances" in which procedural default might be excused).

**VACATED AND REMANDED.**